# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TUTI CHAERANI, individually, and as Special Administrator of the Estate of IRVAN NOORVIANTORO, Deceased,<br><br>           Plaintiff,<br><br>   v.<br><br>THE BOEING COMPANY, a corporation,<br><br>           Defendant. | No. _____<br><br>Removed from<br>Circuit Court of Cook County,<br>County Department, Law Division<br>No. 2018 L 013326 |

## NOTICE OF REMOVAL

Defendant The Boeing Company ("Boeing") hereby removes this civil case from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. §§ 1333(1), 1369, 1441, and 1446. This case arises from the crash of Lion Air Flight JT 610 into the Java Sea on October 29, 2018, which resulted in the death of all 189 people on board. This Court has original jurisdiction, and removal is proper, under the Multiparty, Multiforum Trial Jurisdiction Act of 2002, 28 U.S.C. ¶ 1369. This Court also has original jurisdiction because Plaintiff's claims arise under the Court's original admiralty jurisdiction, *see* 28 U.S.C. ¶ 1333(1), and therefore removal is proper under 28 U.S.C. § 1441(a). Removal is timely, as Plaintiff's counsel sent Boeing's counsel a Waiver of Service of Summons on February 6, 2019, and Boeing's counsel thereafter executed and returned the waiver. This Notice of Removal is being filed within the 30-day period under 28 U.S.C. § 1446.

### I.    INTRODUCTION AND BACKGROUND

**A.**    **The Accident**

This lawsuit arises from the crash of a Boeing 737-8 aircraft into the Java Sea off the coast of Indonesia, on October 29, 2018. *See* Compl. ¶ 1. The aircraft, Registration No. PK-LQP, was being operated as a commercial flight by Lion Air, and departed from Jakarta,

Indonesia, bound for Pangkal Pinang, Indonesia. *Id.* at ¶¶ 18, 19; *see also* Ex. A (Komite Nasional Keselamatan Transportasi Republic of Indonesia Preliminary Aircraft Accident Investigation Report, issued Nov. 28, 2018 ("NTSC-KNKT Preliminary Report"), at 1. Jakarta is located on the Indonesian island of Java, while Pangkal Pinang is across the Java Sea on Bangka Island. Approximately 11 minutes after takeoff, the aircraft crashed into the water, approximately 21 miles from the coast of Java. *See* Compl. ¶¶ 1, 21; Ex. A at 3. All 189 occupants on board died in the accident. *See* Compl. ¶ 2; *see also* Ex. A at 3. Below is a map from the NTSC-KNKT Preliminary Report that depicts the flight and the location of the crash.



*See* Ex. A at 12.

The Indonesia National Transportation Safety Committee ("NTSC-KNKT") is currently investigating this accident, pursuant to Annex 13 of the Convention on International Civil Aviation. *See id.* at vii, 21. The United States National Transportation Safety Board is a party to the NTSC-KNKT investigation, and representatives from Boeing, the Australian Transport Safety Bureau, the Transport Safety Investigation Bureau of Singapore, and others are providing technical assistance. *See id.* The NTSC-KNKT released its Preliminary Aircraft Accident

NOTICE OF REMOVAL

-2-

Investigation Report on November 28, 2018. *Id.* A final report will be issued at the conclusion of the investigation.

**B.  The Complaint**

Plaintiff filed her Complaint on December 11, 2018, the Circuit Court of Cook County, Illinois, County Department, Law Division, as Case No. 2018L013326. A true and correct copy of the Complaint is attached as Exhibit B. Plaintiff brings a wrongful death action against Boeing both on her own behalf and on behalf of the estate of her son Irvan Noorviantoro, a passenger on Lion Air Flight JT 610 (the "Decedent"). Compl. ¶¶ 4, 22, 44. The Decedent was a resident of Indonesia, as is Plaintiff. *Id.* at ¶ 4. Plaintiff asserts strict products liability, negligence-products liability, and negligence-failure to warn. *Id.* at ¶¶ 26-44.

## II.  GROUNDS FOR REMOVAL

Except in certain diversity cases, a civil action brought in state court is removable if the district court has original jurisdiction. 28 U.S.C. § 1441(a). There are two such bases of original jurisdiction here. First, this action falls under the original jurisdiction created by the Multiparty, Multiforum Trial Jurisdiction Act of 2002 ("MMTJA"), 28 U.S.C. § 1369. Second, the case arises under this Court's original admiralty jurisdiction. *See* 28 U.S.C. § 1333(1).

**A.  Multiparty, Multiforum Trial Jurisdiction Act.**

This action is removable under the MMTJA because there is minimal diversity between the parties and the accident involves at least 75 deaths at a discrete location in a single accident. *See Pettitt v. The Boeing Co.*, 606 F.3d 340, 341 (7th Cir. 2010). This Court would have had original jurisdiction over Plaintiff's claims, pursuant to 28 U.S.C. § 1369, had she elected to file the action initially in federal court. Accordingly, this action is removable. *See* 28 U.S.C. §§ 1441(a), 1441(e)(1)(A).

The MMTJA created "a mechanism whereby litigation stemming from one major disaster could easily be consolidated in one federal court for discovery and trial." *Passa v. Derderian*, 308 F. Supp. 2d 43, 53 (D.R.I. 2004); *see also Pettitt*, 606 F.3d at 341 ("A primary purpose of the MMTJA was to consolidate multiple cases arising out of a single disaster."). "Major airline

disasters," such as Lion Air Flight JT 610, are the very type of accident that were intended to be the subject of original federal jurisdiction under the MMTJA. *Passa,* 308 F. Supp. 2d at 54; *see, e.g., Pettitt*, 606 F.3d at 341-42 (the MMTJA provided a basis for Boeing to remove to federal court plaintiffs' wrongful death and survival actions arising out of an aircraft crash in Cameroon). The MMTJA grants original jurisdiction to district courts where: (1) the claim arises from a single accident in which at least 75 natural persons died; (2) there is minimal diversity between the parties; and (3) one defendant resides in a State other than the location where the accident occurred. 28 U.S.C. § 1369(a). The statute further specifies circumstances in which the court is required to abstain from exercising its jurisdiction. *See id.* § 1369(b). There is no amount in controversy requirement, and a case is removable under the MMTJA even if a defendant is a citizen of the state where the action is brought. *See* 28 U.S.C. §§ 1369, 1441(e)(1).

All requirements under the MMTJA are met, and this action is removable. *See* 28 U.S.C. §§ 1369(a), 1441(a), and 1441(e)(1)(A).

First, this action arises from a single accident in which at least 75 persons died at a discrete location. *See* 28 U.S.C. § 1369(a). The crash of Lion Air Flight JT 610 into the Java Sea on October 29, 2018, resulted in the deaths of all 189 people on board the flight. *See* Compl. ¶¶ 1, 2; *see also* Ex. A at 3.

Second, there is minimal diversity. Minimal diversity exists if "any party is a citizen of a State and any adverse party is a citizen of another State, a citizen or subject of a foreign state, or a foreign state as defined in section 1603(a) of this title." 28 U.S.C. §§ 1369(c)(1). Boeing is a Delaware corporation with its principal place of business in Illinois (Compl. ¶ 5), and thus is a citizen of those two states. *See* 28 U.S.C. § 1369(c)(2). Accordingly, if the plaintiff is not a citizen of Delaware or Illinois, minimal diversity is met. Because this case involves a claims brought on a representative basis on behalf of a decedent, the relevant inquiry is the citizenship of the decedent. 28 U.S.C. § 1332(c)(2); *Lincoln Property Co. v. Roche*, 546 U.S. 81, 93-94 (2005). The Complaint does not allege the citizenship of the decedent, but it does allege that he

was a resident of Indonesia.  *See* Compl. ¶ 4.  That allegation provides sufficient basis to conclude that the decedent was not a citizen of Illinois or Delaware.  There is, thus, minimal diversity vis-à-vis Boeing.

Third, a "substantial part of the accident" took place at a location other than where Boeing resides.  28 U.S.C. § 1369(a)(1).  The accident occurred in the Java Sea in Indonesia.  Compl. ¶¶ 1, 21; *see also* Ex. A at 3, 12.  Boeing is not incorporated in Indonesia, nor does it have its principal place of business there.  *Id.* at ¶ 5.  Therefore, a "substantial part of the accident" took place at a location other than where Boeing resides.  28 U.S.C. § 1369(a)(1).

Finally, there is no basis for abstention.  Under 28 U.S.C. § 1369(b), the district court shall abstain if (1) "the substantial majority of all plaintiffs are citizens of a single State of which the primary defendants are also citizens," and (2) "the claims asserted will be governed primarily by the laws of that State."  28 U.S.C. § 1369(b).  The first requirement is not met here.  As stated above, the sole Decedent in this case is a foreign citizen.

**B.     This Court also has admiralty jurisdiction.**

District courts have original jurisdiction to hear admiralty or maritime claims.  *See* U.S. Const. art. III, § 2, cl. 1; 28 U.S.C. § 1333(1).  This case falls within admiralty jurisdiction.

In *Lu Junhong v. The Boeing Co.*, 792 F.3d 805, 813-17 (7th Cir. 2015), the Seventh Circuit held that removal is proper on the ground of admiralty jurisdiction when a defendant plausibly alleges that (1) the activity giving rise to the incident has a substantial relationship to traditional maritime activity, and (2) a cause of the accident occurred over navigable water.  Both elements are satisfied here.  The Decedent was killed when the accident flight crashed into the Java Sea in Indonesia.  Compl. ¶¶ 1-2, 22.  The accident flight thus involved the commercial transportation of passengers and cargo from one island to another, which qualifies as a quintessentially traditional maritime activity because it is the type of trip that, before air travel, would have been made by ship.  *See Junhong*, 792 F.3d at 816-17.  Further, the accident here occurred over navigable water and was caused by events that occurred over navigable water.

NOTICE OF REMOVAL

92132628.1

With original admiralty jurisdiction, the case is separately removable under the plain language of 28 U.S.C. § 1441(b). *Junhong,* 792 F.3d at 816-18.

**C.      Boeing Has Satisfied the Other Requirements for Removal.**

Boeing's counsel received the summons and Complaint through a Waiver of Service sent to Boeing's counsel on February 6, 2019, and subsequently executed the waiver. This notice is filed within thirty (30) days of such receipt as required by 28 U.S.C. § 1446(b).

In accordance with 28 U.S.C. § 1446(a), copies of all of the papers and pleadings on file with the State court are attached at Exhibit C.

The venue for this removed action is proper because this Court is the United States District Court for the district and division embracing the place where the removed action was pending. *See* 28 U.S.C. § 1441(a).

In accordance with 28 U.S.C. § 1446(d), Boeing is today serving this Notice of Removal on Plaintiff and will file a copy of this Notice with the Clerk of the Circuit Court of Cook County, Illinois.

### III.      CONCLUSION

WHEREFORE, Boeing hereby removes this action from the Circuit Court of Cook County, Illinois, to this Court.

DATED:  March 5, 2019                              **THE BOEING COMPANY**

By: /s/ Bates McIntyre Larson
*One of its Attorneys*

Bates McIntyre Larson
BLarson@perkinscoie.com
Daniel T. Burley
DBurley@perkinscoie.com
**Perkins Coie LLP**
131 S. Dearborn, Suite 1700
Chicago, Illinois 60603-5559
Phone: (312) 324-8400
Fax: (312) 324-9400

NOTICE OF REMOVAL

92132628.1

Mack H. Shultz
MShultz@perkinscoie.com
Gretchen M. Paine
GPaine@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

NOTICE OF REMOVAL

-7-

92132628.1

# CERTIFICATE OF SERVICE

I, Bates McIntyre Larson, certify that on March 5, 2019, I electronically filed the foregoing *NOTICE OF REMOVAL* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to attorneys of record, and served a copy by email on the following counsel of record.

>Austin Bartlett
>austin@bartlettchen.com
>BartlettChenLLC
>150 N. Michigan Ave. Suite 2800
>Chicago, Illinois 60601
>(312) 624-7711
>
>Manuel von Ribbeck
>mail@ribbecklaw.com
>Ribbeck Law Chartered
>505 N. Lake Shore Dr. Suite 102
>Chicago, Illinois 60611
>(833) 883-4373

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 5th day of March, 2019.

>/s/     Bates McIntyre Larson
>PERKINS COIE LLP
>131 South Dearborn Street, Suite No. 1700
>Chicago, Illinois 60603-5559
>Tel: (312) 324-8400
>Fax: (312) 324-9400